**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br><br> v. <br><br> **Marc CLIFFORD COENEN,** <br> Defendant. | Crim. No. 99 - 332 (DRD) |

**UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S SECOND
MOTION REQUESTING EARLY TERMINATION OF SUPERVISED RELEASE**

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through the undersigned attorneys, and very respectfully states and prays as follows:

1. On July 14, 2006, defendant filed a Motion Requesting Early Termination of Supervised Release (Document 122) which was subsequently denied on August 4, 2006 (Document 129).

2. On June 6, 2007, defendant filed a Second Motion for Early Termination of Supervised Release (Document 131).

3. On August 14, 2007, the Court ordered the Government to respond to defendant's Second Motion within five (5) days (Document 133).

4. Contrary to the defendant's assertion, the Government's original response in opposition (Document 128) was not "boilerplate." It merely pointed out that the defendant failed to articulate **any** grounds for early termination of supervised release and failed to analyze the factors

UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S SECOND MOTION REQUESTING EARLY TERMINATION
OF SUPERVISED RELEASE
United States v. Marc CLIFFORD COENEN
Crim. No. 99 - 332 (DRD)
Page 2 of 3

enumerated in Title 18, United States Code, Section 3553, factors the Court must consider in making its determination pursuant to Title 18, United States Code, Section 3583(e)(1).

5.  The defendant is requesting the Court take favorable action with regard to his supervised release. Therefore, it is the *defendant's* responsibility to articulate why supervised release should be terminated. It is *not* the Government's responsibility to seek out information from the Department of Probation in order to determine whether or not he is in compliance, or to ascertain the position of defendant's probation officer. Rather than dedicate the necessary time and attention to gather all documentary support for his request, the defendant would rather shift the burden to everyone else, thinking that he is entitled to relief merely upon asking.

6.  Much like July, 2006, the Government is forced to respond to a motion that says nothing. If the defendant wishes the Court to terminate his supervised release, then he should file the proper motion, allowing the Government an opportunity to formulate an appropriate response, thereby providing the Court with all the essential information it needs in order to render an informed decision.

**WHEREFORE**, having once again failed to follow the law with regard to a request for early termination of supervised release, the United States respectfully requests the Court **DENY** defendant's motion in its entirety.

    **RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 14th day of August, 2007.

                                    **ROSA EMILIA RODRÍGUEZ-VÉLEZ**
                                    United States Attorney

                                    s/Scott Anderson
                                    Scott Anderson - G00214
                                    Assistant United States Attorney
                                    Torre Chardón, Suite 1201
                                    350 Carlos Chardón Street
                                    San Juan, Puerto Rico  00918
                                    Tel: (787)766-5656

## Certificate of Service

I HEREBY CERTIFY that on this 14th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to Maria Sandoval, Attorney for the Defendant.

                                    s/Scott Anderson
                                    Assistant United States Attorney