IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **CRIM. NO : 99-332(DRD)** |
| **MARC CLIFFORD COENEN,** | |
| **DEFENDANT.** | |

**DEFENDANT MARC CLIFFORD COENEN'S
REPLY TO UNITED STATES' DKT. NO. 135**

TO: THE HONORABLE COURT

COMES NOW the defendant, **MARC CLIFFORD COENEN**, through his undersigned attorney and respectfully alleges and prays:

**A.   The United States misread this court's order of August 14, 2007, Dkt. No. 133.**

1.   On August 14, 2007, Mr. Coenen filed a third motion for termination of supervised release. (Dkt. No. 134.) Mr. Coenen, minutes later was served with a belated response ( Dkt. No. 135) to his *second* motion for termination of supervised release filed 70 days before. (Dkt. No. 131.)

2.   In paragraph 3 of the government's response, Dkt. No. 135, the government mistakenly states that this court ordered it to respond to Mr. Coenen's *second* motion, Dkt. No. 131. This is incorrect. The District Court ordered the United States to respond to Dkt. No. 132, a *pro se* motion filed by co-defendant Luis Rodriguez-Benitez who is also requesting termination of supervised release.

3.   Since no order as of August 15, 2007 had issued in relation to Mr. Coenen's second

motion, Dkt. No. 131, Mr. Coenen felt free to file a *third* motion for termination on this same date. ( Dkt. No. 134.)

4. To the extent that the government's mistakenly-filed opposition can be deemed a belated response to Mr. Coenen's *second* motion ( Dkt. 131) and a premature response to his *third* motion seeking termination, ( Dkt. No. 134) Mr. Coenen states the following.

**B.    Mr. Coenen is deserving of the relief requested.**

5. Mr. Coenen has been supervised for approximately three years. . During that period of time he has been employed at Isabela's Italian Market and additionally is self employed in a demolition business. He has paid all taxes due. He lives with his mother. He has not engaged in any delinquent activity and has not abused drugs or alcohol. He has reported faithfully to USPO Michael Parrish in Florida. Indeed, Mr. Parrish has advised Mr. Coenen that he has no objection to the termination of supervised release in this case and that he has been awaiting an order from the District Court since 2006 to provide said information. Without an order from the court, Mr. Parrish can do nothing to corroborate the above-mentioned facts and to elaborate on why termination is appropriate.

6. Mr. Coenen has been seeking to terminate supervision since 2006 to travel abroad. His mother would like to visit her relatives in the Middle East and will not do so unless Mr. Coenen accompanies her. He would also like to travel to Europe to see his father's relatives. Obtaining a passport to travel would be facilitated by termination of his supervision.

7. Mr. Coenen would never have sought to terminate supervision a year ago if the U.S. Probation Office in Florida had not indicated, a year ago, that they would not object to the termination. Regardless of allegations supporting such motions, it has been and continues to be the practice of the District Court in Puerto Rico to not rely on the naked allegations of defendants

seeking termination of supervision. ( See this court's order regarding co-defendant Luis Benitez asking the U.S. Department of Probation in Puerto Rico to comment regardless of Mr. Benitez' allegations supporting termination. (Dkt. No. 133.))

8. The most important evidence supporting or disfavoring termination always emits from the U.S. Department of Probation because they have detailed and confidential reports regarding every aspect of compliance and because they are deemed to be neutral officers of the court. Detailed compliance information is not accessible to defendants except in the most general terms.

9. By requesting that the court ask USPO Parrish to provide said information to the court, Mr. Coenen was not shirking his responsibilities as the United States contends. Furthermore, since the United States, for the second time, ( Dkt. No. 135)  can state *no fact supporting noncompliance*,  termination should be granted after the court has had an opportunity to receive information directly from Mr. Parrish.

WHEREFORE Mr. Coenen respectfully requests that the court issue an order requesting that USPO Michael Parrish located in Florida be contacted by the U.S. Department of Probation in Puerto Rico and that he be asked to provide information regarding Mr. Coenen's compliance and the appropriateness of termination.

At San Juan, Puerto Rico this 15th day August 2007.

                                                      RESPECTFULLY SUBMITTED,

                                                      S/ MARIA H. SANDOVAL
                                                    USDC No. 201210
                                                    Post Office Box 9878
                                                    San Juan, Puerto Rico 00908
                                                    Telephone: 787-282-0281
                                                    mhsandoval@att.net

CERTIFICATE OF SERVICE

I, hereby certify that on this date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of filing to Assistant U.S. Attorney Scott Anderson and all counsel of record.

s/ MARIA H. SANDOVAL